UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENDRICK YARBROUGH,

                            CASE NO. 06-CV-14021-DT
          Plaintiff,         JUDGE MARIANNE O. BATTANI
                            MAGISTRATE JUDGE PAUL J. KOMIVES

v.

CATHY M. GARRETT,

          Defendant,
                                    /

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 6)

**I.** **RECOMMENDATION:** The Court should deny plaintiff's motion for summary judgment. (Doc. Ent. 6).

**II.** **REPORT:**

**A.** **State Court Proceedings**

On April 12, 1976, Hendrix[1] Yarbrough was convicted by a jury of four counts of first-degree murder. *People v. Yarbrough*, Docket No. 29306, 78 Mich. App. 81, 82, 259 N.W.2d 248 (1977). Yarbrough appealed as of right, and the Court of Appeals considered "whether the trial court was correct in ruling, in effect, that once a motion for mistrial is withdrawn, it cannot be renewed." *Yarbrough*, 78 Mich. App. at 84, 259 N.W.2d at 249. On September 6, 1977, the Court of Appeals of Michigan reversed and remanded for a new trial. *Yarbrough*, 78 Mich. App. at 87, 259 N.W.2d at 251. Rehearing was denied on October 14, 1977. *Id*. at 81, 259 N.W.2d at 248.

---

[1]This Michigan Court of Appeals case spells Yarbrough's first name as "Hendrix".

On April 28, 1978, the Supreme Court of Michigan considered the application for leave to appeal. In so doing, the Court vacated the Court of Appeals September 6, 1977 decision, remanded the case to the Court of Appeals,[2] and remanded Yarbrough's application for cross-appeal to the Court of Appeals. *People v. Yarbrough*, No. 60621, 402 Mich. 920, 271 N.W.2d 430 (1978).

On July 18, 1978, the Court of Appeals of Michigan reversed defendant's conviction and remanded the case for a new trial. *People v. Yarbrough*, Docket No. 78-1618, 84 Mich. App. 779, 781, 270 N.W.2d 689, 690 (1978). Specifically, the Court of Appeals stated that "it is elementary that a motion for mistrial lies within the sound discretion of the trial court[,]" and found that there was "[n]o abuse of discretion." *Yarbrough*, 84 Mich. App. at 780, 270 N.W.2d at 690.

On August 24, 1978, the Court of Appeals of Michigan granted the prosecutor's motion for rehearing in order to reconsider its July 18, 1978 opinion. *People v. Yarbrough*, Docket No. 78-1618, 86 Mich. App. 105, 106-107, 272 N.W.2d 345, 345 (1978). On September 21, 1978, the Court of Appeals of Michigan found that "refusal to grant defendant's renewed motion for a mistrial would not have been error. Since defendant's other allegations of error are also without merit, we affirm defendant's conviction." *Yarbrough*, 86 Mich. App. at 107-109, 272 N.W.2d at 345-346.

**B.     Yarbrough's Requests for State Court Proceeding Transcripts**

---

[2]Specifically, the Supreme Court directed the Court of Appeals to consider whether "it would have been error for the trial court to refuse to grant [defendant's final request for mistrial]."

Plaintiff claims that he wrote to the sentencing court in order to obtain specified court documents or transcripts and indicated that "he needed them to pursue an appeal of right." Doc. Ent. 10 at 2. On or about May 13, 1988, plaintiff wrote to Judge Roberson in Detroit Recorders Court seeking a copy of his preliminary examination and trial transcripts in Case No. 75-02241. Doc. Ent. 1 at 6. On August 25, 1991, another request for these documents was made to Judge Roberson, because plaintiff sought to file a M.C.R. 6.502[3] motion for relief from judgment. This request mentions M.C.R. 6.433(C).[4] Doc. Ent. 1 at 7. On September 27, 1991, plaintiff wrote to the Recorders Court clerk/court administrator, seeking a copy of his preliminary examination and trial transcripts. The letter specifically mentions M.C.R. 6.433(C). Doc. Ent. 1 at 8.[5]

On February 13, 2004, plaintiff wrote to the Recorders Court Appellate Division Clerk seeking a copy of his preliminary examination transcript in Case No. 75-02241. Doc. Ent. 1 at 14. On July 19, 2004, plaintiff wrote to the Wayne County Circuit Court Clerk requesting the cost to obtain copies of his preliminary examination and trial transcripts, specifically mentioning the dates of March 1, 1975 and April 16, 1976. Doc. Ent. 1 at 9.

On April 30, 2006, plaintiff wrote to the Wayne County Clerk of the Court regarding Case No. 75-02241 in order to request copies of several documents for post-conviction purposes.

---

[3] Subchapter 6.500 of the Michigan Court Rules concerns post-appeal relief. M.C.R. 6.501-6.509.

[4] Michigan Court Rule 6.433 governs "DOCUMENTS FOR POSTCONVICTION PROCEEDINGS; INDIGENT DEFENDANT". With respect to postconviction proceedings other than appeals of right and appeals by leave, the rule provides in part that "[i]f the documents or transcripts have been filed with the court, the clerk must provide the defendant with copies of such materials without cost to the defendant." M.C.R. 6.433(C)(2).

[5] It appears that on or about February 14, 1994, Yarbrough filed a petition for writ of habeas corpus. The case was closed on March 31, 1994. *Yarbrough v. Burt*, Case No. 94-CV-60052.

Doc. Ent. 1 at 10.  On May 2, 2006 plaintiff requested a disbursement authorization for expedited legal mail in Wayne County Circuit Court Case No. 75-02241.  It was signed on May 3, 2006.  Doc. Ent. 1 at 15.  On May 8, 2006, a written request was made of Wayne County Clerk Cathy M. Garrett which sought in part copies of plaintiff's transcripts and records.  It specifically mentions M.C.R. 6.433.  Doc. Ent. 1 at 11-12.  On May 28, 2006, plaintiff wrote to Wayne County Circuit Court (Clerk of the Court) to request a copy of his transcripts and documents related to Case No. 75-02241.  He specifically mentioned M.C.R. 6.433.  Doc. Ent. 1 at 13.

On or about July 24, 2006, plaintiff filed a motion in Wayne County Circuit Court to obtain copies of his preliminary examination and trial transcripts.  Doc. Ent. 10 at 2 ¶ 7.  On July 25, 2006, plaintiff signed an affidavit regarding suspension of prisoner fees/costs.  Doc. Ent. 10 at 5.  On July 27, 2006, plaintiff signed an affidavit of indigency which was addressed to Wayne County Recorders Court.  Doc. Ent. 10 at 4.  The same day, plaintiff requested disbursement authorizations for expedited legal mail to be sent to Kym L. Worthy of the Wayne County Prosecutor's Office and the Clerk of the Court for Wayne County Circuit Court.  The requests were signed the same day.  Doc. Ent. 1 at 16-17.

**C.     Plaintiff's Prisoner Civil Rights Complaint**

Plaintiff is currently incarcerated at the Saginaw Correctional Facility (SRF) in Freeland, Michigan where he is serving a life sentence.  Doc. Ent. 17.[6]  On September 12, 2006, while incarcerated at RRF in Detroit, Michigan, plaintiff filed a five-page verified pro se prisoner civil rights complaint against defendant Garrett, in which plaintiff alleges that state officials "have

---

[6]*See also* www.michigan.gov/corrections, "Offender Search."

refused to forward plaintiff a copy of his preliminary examination and trial transcripts[.]" Doc. Ent. 1 at 1, 4, 5. Within the complaint, plaintiff states that he "seeks relief in the Federal Court to vindicate his right of access to the courts, guaranteed under the 1st [A]mendment to the [U]nited [S]tates [C]onstitution; [r]ight to a copy of his transcripts to appeal his criminal conviction, guaranteed under the 14th [A]mendment to the [U]nited [S]tates [C]onstitution." Doc. Ent. 1 at 4. Plaintiff requests a jury trial, appointment of counsel and any required expert witness, an award of compensatory and punitive damages, and an award of costs. Doc. Ent. 1 at 5.

Along with his complaint, plaintiff filed an application to proceed without prepayment of fees and costs and authorization to withdraw funds from trust fund account. Doc. Ent. 2. On September 29, 2006, Magistrate Judge Whalen entered an order waiving prepayment of the filing fee and directing payment of the initial partial filing fee and subsequent payments. Doc. Ent. 3. The same day, Magistrate Judge Whalen also entered an order directing service without prepayment of costs and authorizing the United States Marshal to collect costs after service is made. Doc. Ent. 4.[7]

On November 8, 2006, defendant filed an answer to plaintiff's complaint, as well as affirmative defenses and a reliance upon jury demand. Doc. Ent. 7. Also, defense counsel filed an appearance. Doc. Ent. 8. Thereafter, on November 28, 2006, Judge Battani referred this case to me to conduct all pretrial proceedings. Doc. Ent. 12

**D.    Plaintiff's Motion for Summary Judgment**

---

[7]On December 1, 2006, the Court received plaintiff's initial partial payment in the amount of $71.58. Doc. Ent. 13.

On November 2, 2006, before defendant filed her answer and before defense counsel filed an appearance, plaintiff filed a motion for summary judgment. Doc. Ent. 6. Citing Fed. R. Civ. P. 12(a), plaintiff claims that "[d]efendant has 20 days from the date of service of the Summons and Complaint to file a defense[,]" and that "[d]efendant has failed to appear." Doc. Ent. 6 at 2 ¶ 8. Furthermore, plaintiff claims that he has not "received any notice of appearance of counsel of record to defend against Plaintiffs['] Suit." Therefore, plaintiff requests that the Court "accept this as an admission of violating plaintiff's guaranteed rights to appeal his criminal conviction denying him access to the courts where he has no preliminary examination or trial transcripts with which to extract appellate issue for appellate review and unless a criminal defendant can exhaust all of his appellate issues through the state courts he cannot file a 28 U.S.C. § 2254, petition for a writ of habeas corpus. So plaintiff has been prejudice[d] by the County Clerk's denial to plaintiff [of] a true copy of his preliminary and trial transcripts where plaintiff is entitled pursuant to [M.C.R.] 6.433(C)[.]" Doc. Ent. 6 at 3 ¶ 9.

On December 4, 2006, defendant filed a response to plaintiff's dispositive motion. Doc. Ent. 15.

**E.     Plaintiff's Motion to Strike Defendant's Answer to the Complaint and Enter Judgment Has Been Denied.**

On November 16, 2006, plaintiff filed a motion to strike defendant's answer to the complaint and enter judgment, wherein he requested that the Court grant his motion for summary judgment, enter judgment in his favor, and strike defendant's answer as untimely. Doc. Ent. 10 at 3. By an order entered this date, plaintiff's motion to strike defendant's answer to the complaint and enter judgment is denied, because the answer was timely filed under Fed. R. Civ. P. 4(d)(3).

**F.     The Court Should Deny Plaintiff's Motion for Summary Judgment.**

**1.**     Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care System*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

The moving party's initial burden differs depending on whether the non-movant or the movant bears the ultimate burden of proof on the issue on which summary judgment is sought. In the former case, "[t]he moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its

7

burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

However where "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1335 (D. Colo. 1997); *see also*, *United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991); *Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir. 1992).[8] In other words, in such a case the movant "must satisfy both the initial burden of production on the summary judgment motion–by showing that no genuine dispute exists as to any material fact–and the ultimate burden of persuasion on the claim–by showing that it would be entitled to a directed verdict at trial." William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477-78 (1991). "Once a moving party with the burden of proof makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party comes forward with probative evidence that would demonstrate the existence of a triable issue of fact." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003).

---

[8]*See also International Ass'n of Heat and Frost Insulators and Asbestos Workers Local Union 42 v. Absolute Environmental Services, Inc.*, 814 F.Supp. 392, 401 (D. Del. 1993) ("When the moving party seeks summary judgment based on a claim or defense upon which the moving party bears the ultimate burden of proof at trial, the moving party must establish every element of that claim or defense as a matter of law such that no reasonable jury could return a verdict for the nonmovant.").

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

**2.** Plaintiff's complaint is primarily based upon a claim that defendant has interfered with plaintiff's right to access the courts. Doc. Ent. 1 at 4-5. As previously noted, plaintiff states that he "seeks relief in the Federal Court to vindicate his right of access to the courts, guaranteed under the 1st [A]mendment to the [U]nited [S]tates [C]onstitution; [r]ight to a copy of his transcripts to appeal his criminal conviction, guaranteed under the 14th [A]mendment to the [U]nited [S]tates [C]onstitution." Doc. Ent. 1 at 4.

The bases for plaintiff's motion for summary judgment are that defendant's answer was tardy; defendant had not appeared; and plaintiff had not received a notice of appearance from an attorney who would be defending the lawsuit. Doc. Ent. 6 at 2-3 ¶¶ 8-9. Plaintiff claims that he "has demonstrated his entitlement to Judgment as a matter of law." Doc. Ent. 6 at 3 ¶ 10. In his prayer for relief, plaintiff requests that the Court "find in favor of the Plaintiff and grant him Summary Jud[g]ment for all facts contained in the Complaint and grant him the relief requested." Doc. Ent. 6 at 4.

Defendant requests that the Court deny plaintiff's dispositive motion, "because plaintiff's Motion for Summary Judgment is premised on defendant's failure to appear and defend this action, and because defendant has, in fact, appeared and responded to plaintiff's Complaint[.]" Doc. Ent. 15 at 2.  For the following reasons, the Court should deny plaintiff's dispositive motion.

3.     To begin, defendant has answered the complaint in a timely fashion, and defense counsel has filed an appearance.  Specifically, the docket indicates that, thus far, defendant has filed four documents: (1) a November 8, 2006 answer (Doc. Ent. 7); (2) a November 8, 2006 notice of appearance (Doc. Ent. 8); (3) a December 4, 2006 response to plaintiff's motion to strike (Doc. Ent. 14) and (4) a December 4, 2006 response to plaintiff's dispositive motion (Doc. Ent. 15).

Plaintiff labels defendant's "untimely" answer to plaintiff's complaint as a "stall tactic". Doc. Ent. 10 at 2 ¶ 8.  However, the answer and the notice of appearance of defense counsel were filed on November 8, 2006 (Doc. Entries 7 & 8), a date after plaintiff's November 2, 2006 motion for summary judgment, but a date nonetheless timely under Fed. R. Civ. P. 4(d)(3).  This is an issue discussed in my concurrently-filed order denying plaintiff's motion to strike defendant's answer and enter judgment.  The fact that the timely answer (and the notice of appearance) post-dates plaintiff's November 2, 2006 motion for summary judgment explains why plaintiff's motion states that he has not "received any notice of appearance of counsel of record to defend against Plaintiffs Suit."  Doc. Ent. 6 at 3 ¶ 9.

Therefore, the Court should deny plaintiff's request that the Court accept the absence of an appearance by defense counsel "as an admission of violating plaintiff's guaranteed rights to appeal his criminal conviction denying him access to the courts where he has no preliminary

examination or trial transcripts with which to extract appellate issues for appellate review[.]" Doc. Ent. 6 at 3 ¶ 9.

**4.** Notwithstanding the timeliness of plaintiff's motion for summary judgment, the entry of judgment for plaintiff would not be appropriate at this stage in the litigation. It is true that plaintiff has made more than conclusory allegations. To begin, he has supplied the Court with evidence of his requests for the aforementioned transcripts. This is exemplified in the attachments to his complaint, which are set forth in detail in Section II.B of this report.

Also, in plaintiff's motion to strike defendant's answer, plaintiff alleges that he has been prejudiced by the failure to receive the requested transcripts. For example, plaintiff claims he has been "severely prejudiced by the refusal of the defendant to forward plaintiff a copy of his preliminary examination and trial transcripts in that under the provisions of the [Antiterrorism and Effective Death Penalty Act of 1996] one year limitation period his right to file a federal writ of habeas corpus has diminished." Doc. Ent. 10 at 2 ¶ 8. In another example, he claims that he has "lost his rights to appeal his criminal conviction prior to the MCR 6.500 et[] se[q]. Motion for Relief from Judgment." Doc. Ent. 10 at 2-3 ¶ 8.

Furthermore, plaintiff has provided citations to this Court. For example, his dispositive motion cites *Griffin v. Illinois*, 351 U.S. 12 (1956) and *Mayer v. City of Chicago*, 404 U.S. 189 (1971),[9] cases which concern an indigent defendant's right to transcripts.[10] Doc. Ent. 6 at 1, 3 ¶¶

---

[9]"[W]hether an appeal is discretionary or as of right does not affect an indigent's right to a transcript, since '[i]ndigents must . . . have the same opportunities to invoke the discretion of the' court as those who can afford the costs." *Mayer v. City of Chicago*, 404 U.S. 189, 190-191 n.1 (1971) (citing *Burns v. Ohio*, 360 U.S. 252, 258 (1959)).

[10]Additionally, plaintiff's motion to strike contains references to *Griffin* and *Mayer*. Doc. Ent. 10 at 3 ¶ 10.

11

3, 9. Also, plaintiff's motion cites to M.C.R. 6.433(C). Doc. Ent. 6 at 1 ¶¶ 1, 5, 6. He also mentions qualified and judicial immunity. Doc. Ent. 6 at 2 ¶ 3, 3 ¶ 9.

However, even though plaintiff has made more than conclusory allegations, the Court should deny plaintiff's request that it "find in favor of the Plaintiff and grant him Summary Jud[g]ment for all facts contained in the Complaint and grant him the relief requested." Doc. Ent. 6 at 4. First, defendant has responded to each of plaintiff's substantive filings. She filed an answer (Doc. Ent. 7) to plaintiff's complaint, as well as responses (Doc. Ent. 14 and 15) to the motions for summary judgment and to strike.

Second, it does not appear that defendant's efforts at defending this case have been dilatory. Defendant's filings have been timely. Her answer to the complaint was timely under Fed. R. Civ. P. 4(d)(3). Also, defendant's response to plaintiff's motion for summary judgment was timely. Fed. R. Civ. P. 4(d)(4), E. D. Mich. LR 7.1(d)(1)(B). Plaintiff alleges that defendant, in order to survive summary judgment, must "demonstrate enough evidence to create a genuine issue of a material fact to support its case before a jury[,]" within 30 days[11] of being served with the dispositive motion. Doc. Ent. 10 at 3 ¶ 9. E. D. Mich. LR 7.1 provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." E. D. Mich. LR 7.1(d)(1)(B). Although defense counsel signed the waiver of service on November 6, 2006, Doc. Ent. 9, pursuant to Fed. R. Civ. P. 4(d)(4), defendant was deemed served with the summons and complaint on November 13, 2006 - the date the waiver of service was filed. *Smith*

---

[11]Perhaps plaintiff is referring to the Advisory Committee Notes from the 1946 Amendment which state that "[s]ince Rule 12(a) allows at least 20 days for an answer, that time plus the 10 days required in Rule 56(c) means that under original Rule 56(a) a minimum period of 30 days necessarily has to elapse in every case before the claimant can be heard on his right to a summary judgment." Advisory Committee Notes regarding 1946 Amendment of Fed. R. Civ. P. 56(a).

*v. Polk County, Florida*, No. 8:05-CV-873-T-30MSS, 2005 WL 2129189, *1 (M. D. Fla. Sept. 2, 2005) ("If and when Defendants return the Waiver(s) of Service of Summons, Plaintiff must file the Waiver(s) with the Court, see Fed.R.Civ.P. 4(d)(4)."); *Thompson v. Mattleman, Greenberg, Shmerelson, Weinroth & Miller*, No. Civ. A. 93-2290, 1995 WL 321898, *7 (E. D. Pa. May 26, 1995) (requiring plaintiff to "[f]ile proof of service as to defendants Druziako and Fellheimer as required by Fed.R.Civ.P. 4(l) or a waiver of service pursuant to Fed.R.Civ.P. 4(d)(4)."); *Thompson v. Kramer*, No. Civ. A. 93-2290, 1994 WL 702927, *14 (E. D. Pa. Dec. 13, 1994) (requiring plaintiff to "[f]ile proof of service, as to all defendants served, with the Clerk of the Court as required by Fed.R.Civ.P. 4(l) or a waiver of service pursuant to Fed.R.Civ.P. 4(d)(4)."). Therefore, any response to the November 2, 2006 motion for summary judgment, could not have been due before December 4, 2006 - a date twenty-one (21) days after plaintiff was served with the summons and complaint (and, presumably, the motion for summary judgment too). Defendant's response to the dispositive motion was filed on December 4, 2006; therefore, it was timely. Furthermore, as explained in footnote four (4) of my order denying plaintiff's motion to strike and enter judgment, plaintiff's response to that motion was timely.

Third, considering the apparent absence of sanctionable conduct in this case by defendant or by defense counsel on defendant's behalf, the Court should permit the parties to examine the substantive merits of this case before entering judgment in plaintiff's favor. This case is less than eight (8) months old, and most of that time is attributable to the time it has taken this Court to address plaintiff's outstanding motions. In fact, plaintiff filed the most recent document in this case, his notice of change of address, on December 20, 2006, just over three (3) months after

13

the initiation of this lawsuit. Therefore, this is not a case where there has been an abundance of opportunity to examine the facts.[12]

At this point, it cannot be said that plaintiff has satisfied the Fed. R. Civ. P. 56 standard for a motion for summary judgment filed by a party who will have the ultimate burden of proof at trial. *Knop v. Johnson*, 667 F.Supp. 467, 486 (W. D. Mich. 1987) ("I note, however, that the records concern only three of the inmates who testified on the access to courts issue and that even without this testimony, plaintiffs produced sufficient evidence to satisfy their burden of proof."). A prisoner asserting a denial of access to courts claim must satisfy the constitutional standing requirement by alleging an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 349, 351-53 (June 24, 1996). To meet this requirement, a plaintiff must show that the actions of the prison officials "hindered the prisoner's efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *accord Lewis*, 518 U.S. at 353; *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996); *Stewart v. Block*, 938 F.Supp. 582, 586 (C.D. Cal. 1996) (plaintiff must show "a specific instance in which he was actually denied access to the courts.") (internal quotation omitted). Further, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines," and thus the right is

---

[12]For example, in *Coregis Ins. Co. v. McCollum*, 961 F.Supp. 1572 (M. D. Fla. 1997), plaintiff's original complaint was filed on May 30, 1996. It was served on June 18, 1996. An amended complaint was filed on December 3, 1996. Plaintiff filed a motion for summary judgment on December 18, 1996. The timing of plaintiff's dispositive motion was proper under Fed. R. Civ. P. 56(a) even though it was served four days before the answer was filed. *Coregis Ins. Co.*, 961 F.Supp. at 1566-1577. In part, the court noted that "[d]efendants also had ample time to conduct discovery in order to gather evidence to rebut Plaintiff's motion in its Memorandum in response, but decided to rely only on two (2) affidavits." *Coregis Ins. Co.*, 961 F.Supp. at 1577.

limited to safeguarding prisoners' ability "to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355.

Although plaintiff alleges that defendant's actions have interfered with plaintiff's ability to attack his conviction and although the level of detail offered thus far in plaintiff's pleadings explains his claim(s), it is not clear at this time that plaintiff would be entitled to a directed verdict at trial. Although defendant's answer to the complaint and her responses to plaintiff's motions lack a substantive response to plaintiff's allegations, the explanation for this is likely her interpretation of the motions as non-substantive. For example, plaintiff's November 2, 2006 motion for summary judgment alleges a failure by defendant to answer the complaint or to appear and the absence of an appearance by counsel for the defendant. Doc. Ent. 6 at 2-3 ¶¶8-9. Defendant's response interprets plaintiff's dispositive motion as premised on defendant's failure to appear and defend. Doc. Ent. 15 at 2. After this case has progressed further, i.e., after an examination of substantive issues rather than procedural issues has taken place, the Court will be in a better position to determine the strength of plaintiff's First Amendment access to courts and Fourteenth Amendment Due Process claims.[13]

## III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

---

[13] To this date, no case management scheduling order has been entered. Accordingly, along with entering this report and recommendation and the aforementioned order regarding plaintiff's motion to strike, I will enter an order setting the discovery and dispositive motion deadlines in this case.

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers*, AFL-CIO, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 5/14/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 14, 2007.
>
> s/Eddrey Butts  
> Case Manager