UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENDRICK YARBROUGH,

                        CASE NO. 06-CV-14021-DT
        Plaintiff,     JUDGE MARIANNE O. BATTANI
                        MAGISTRATE JUDGE PAUL J. KOMIVES

v.

CATHY M. GARRETT,

        Defendant,
                                     /

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER TO THE
COMPLAINT AND ENTER JUDGMENT (Doc. Ent. 10)**

**A.    Plaintiff's Prisoner Civil Rights Complaint**

Plaintiff is currently incarcerated at the Saginaw Correctional Facility (SRF) in Freeland, Michigan. Doc. Ent. 17. On September 12, 2006, while incarcerated at Ryan Correctional Facility (RRF) in Detroit, Michigan, plaintiff filed a five-page pro se prisoner civil rights complaint against defendant Cathy M. Garrett, Clerk of Wayne County,[1] in which plaintiff alleges that state officials "have refused to forward plaintiff a copy of his preliminary examination and trial transcripts[.]" Doc. Ent. 1 at 1, 4. Within the complaint, plaintiff states that he "seeks relief in the Federal Court to vindicate his right of access to the courts, guaranteed under the 1st [A]mendment to the [U]nited [S]tates [C]onstitution; [r]ight to a copy of his transcripts to appeal his criminal conviction, guaranteed under the 14th [A]mendment to the [U]nited [S]tates [C]onstitution." Doc. Ent. 1 at 4.

---

[1] *See* http://www.waynecounty.com/clerk/.

Along with his complaint, plaintiff filed an application to proceed without prepayment of fees and costs and authorization to withdraw funds from trust fund account. Doc. Ent. 2. On September 29, 2006, Magistrate Judge Whalen entered an order waiving prepayment of the filing fee and directing payment of the initial partial filing fee and subsequent payments. Doc. Ent. 3. The same day, Magistrate Judge Whalen also entered an order directing service without prepayment of costs and authorizing the United States Marshal to collect costs after service is made. Doc. Ent. 4.

On November 8, 2006, defendant filed an answer to plaintiff's complaint, as well as affirmative defenses and a reliance upon jury demand. Doc. Ent. 7. Thereafter, on November 28, 2006, Judge Battani referred this case to me to conduct all pretrial proceedings. Doc. Ent. 12.[2]

**B.    Plaintiff's Motion to Strike Defendant's Answer to the Complaint and Enter Judgment**

On November 16, 2006, plaintiff filed a motion to strike defendant's answer to the complaint and enter judgment, wherein plaintiff requests that the Court grant his motion for summary judgment, enter judgment in his favor, and strike defendant's answer as untimely. Doc. Ent. 10 at 3.[3]

---

[2]On December 1, 2006, the Court received plaintiff's initial partial payment in the amount of $71.58. Doc. Ent. 13.

[3]On November 17, 2006, plaintiff filed a corrected proof of service which states that, on November 14, 2006, he provided his motion to strike to a prison official for mailing. Doc. Ent. 11.

On December 4, 2006, defendant filed a response to plaintiff's motion. Doc. Ent. 14.[4] Defendant requests that the Court deny plaintiff's motion, "because plaintiff's Motion to Strike Defendant's Answer is premised on the mistaken belief that defendant failed to timely answer[.]" Doc. Ent. 14 at 2. Plaintiff filed a reply on December 12, 2006. Doc. Ent. 16.[5]

**C.     Analysis**

**1.**     Plaintiff and defendant debate the appropriateness of plaintiff's November 2, 2006 motion for summary judgment. Defendant contends that plaintiff prematurely filed his dispositive motion. Doc. Ent. 14 ¶ 3. Relying upon Fed. R. Civ. P. 56(a), plaintiff contends that his dispositive motion is not premature. Doc. Ent. 16 ¶¶ 2-3.

Fed. R. Civ. P. 56(a) provides that "[a] party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." This action commenced on September 12, 2006, when plaintiff filed his complaint. Fed. R. Civ. P. 3. Therefore, plaintiff was permitted to file a motion for summary judgment on or about October 3, 2006.

---

[4]Her December 4, 2006 response (Doc. Ent. 14) to the November 16, 2006 motion to strike (Doc. Ent. 10) is timely. E. D. Mich. 7.1(d)(2)(B) provides that "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." Therefore, including the three (3) additional days provided in Fed. R. Civ. P. 6(e) for service by electronic means, defendant's response to plaintiff's November 16, 2006 motion to strike was due on December 4, 2006. *See* Fed. R. Civ. P. 5(b)(2)(D) & 6(a), (e); *see also* E. D. Mich. ECF R 8(c) & 15(b).

[5]Attached to plaintiff's reply is a letter dated November 15, 2006, from the Wayne County Clerk's Office to a Ryan Correctional Facility (RRF) inmate which notes that a copy of the inmate's court file and transcripts was enclosed. Doc. Ent. 16 at 4.

It appears that defendant's characterization of plaintiff's November 2, 2006 dispositive motion as premature was based upon the fact that defendant's answer was not due until November 28, 2006, rather than based upon plaintiff's ability to file the motion pursuant to Fed. R. Civ. P. 56(a). However, a pre-answer motion for summary judgment does not, alone, render the motion untimely under Rule 56(a). *Coregis Ins. Co. v. McCollum*, 961 F.Supp. 1572, 1577 (M. D. Fla. 1997) (the timing of plaintiff's December 18, 1996 dispositive motion was proper under Fed. R. Civ. P. 56(a) even though plaintiff's amended complaint was filed on December 3, 1996, four days before the answer was filed); *Electro-Catheter Corp. v. Surgical Specialties Instrument Co., Inc.*, 587 F.Supp. 1446, 1456 (D.N.J. 1984) (plaintiff's summary judgment motion timely under Rule 56(a) even though defendant had not yet answered the amended complaint).

**2.** In any event, plaintiff's motion to strike defendant's answer to the complaint and enter judgment is denied. Fed. R. Civ. P. 4, which governs summons, provides in part that "[a] defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States." Fed. R. Civ. P. 4(d)(3). It further provides that "[w]hen the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required." Fed. R. Civ. P. 4(d)(4). Also, Fed. R. Civ. P. 12 provides in pertinent part that "if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent, or within 90

4

days after that date if the defendant was addressed outside any judicial district of the United States." Fed. R. Civ. P. 12(a)(1)(B).

Here, the request was sent on September 29, 2006. Doc. Ent. 9. Judge Whalen's order directing service was delivered to and acknowledged by the U. S. Marshal Service on September 29, 2006. Doc. Ent. 5. Defendant's waiver of service of summons, signed by defense counsel (Aaron Thomas) on November 6, 2006,[6] was filed with this Court on November 13, 2006. Doc. Entries 8 & 9.[7] Pursuant to Fed. R. Civ. P. 4(d)(3), defendant's answer was due on or about November 28, 2006. Defendant's answer was filed on November 8, 2006. Therefore, the answer was not untimely, and plaintiff's request for the Court to "strike Defendant's answer to Plaintiffs' complaint as untimely[,]" Doc. Ent. 10 at 3, is denied.

## C. Order

In accordance with the foregoing, plaintiff's motion to strike defendant's answer to the complaint and enter judgment (Doc. Ent. 10) is DENIED.

IT IS SO ORDERED.

---

[6]Fed. R. Civ. P. 4(d)(2)(F) provides that the notice and request "shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent[.]" The request for waiver of service of summons in this case states that "[t]he cost of service will be avoided if we receive a signed copy of the waiver within 35 days after the date designated below as the date on which this Notice and Request is sent." Doc. Ent. 9. The U.S. Marshal sent the request on September 29, 2006; thirty-five days later would have been Friday, November 3, 2006 - three days before defense counsel signed the waiver. Because the parties have not briefed this issue, this report assumes the timeliness of the return of the waiver is uncontested.

[7]Defendant states that she "was served with plaintiff's Complaint on November 13, 2006." Doc. Ent. 14 at 1 ¶ 2. In his December 12, 2006 reply, plaintiff claims that he was "unaware that a waiver of service was ever effectuated between the defendant and the U.S. Marshal office concerning the service upon the defendant of the summons and complaint." Doc. Ent. 16 at 1 ¶ 4.

5

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: 5/14/07

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 14, 2007.

s/Eddrey Butts
Case Manager