# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HENDRICK YARBROUGH,

        Plaintiff,

v.                                                   CIVIL CASE NO. 06-14021
                                                  HON. MARIANNE O. BATTANI

CATHY M. GARRETT,

        Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

**I.  INTRODUCTION**

Before the Court is Plaintiff's objections to Magistrate Judge Paul J. Komives's May 14, 2007, Report and Recommendation ("R&R") (Doc. #23). On September 12, 2006, Plaintiff filed a *pro se* civil complaint, alleging that Defendant violated his Fourteenth Amendment Due Process and Equal Protection rights. On September 29, 2006, the Court granted his application to proceed without prepayment of fees, and ordered the United States Marshal to serve Defendant. On November 2, 2006, Plaintiff filed a motion for summary judgment, contending that Defendant had twenty days with which to respond to the complaint, but failed to do so. Plaintiff requested that the Court treat Defendant's failure to appear and answer the complaint as an admission of liability. On November 8, 2006, Defendant filed an answer to the complaint with affirmative defenses. That same day, counsel filed an appearance on behalf of Defendant. On November 13, 2006, Defendant filed a waiver of service.

All pretrial matters were referred to Magistrate Judge Komives on November 28, 2006. In his R&R, Magistrate Judge Komives recommends that Plaintiff's motion for summary

judgment be denied. On June 6, 2006, Plaintiff filed his objections to the R&R. Plaintiff raises a number of objections to the Magistrate Judge's findings. For the reasons stated below, the Court ADOPTS the Magistrate Judge's Recommendation, but modifies the basis for denying Plaintiff's motion for summary judgment pursuant to 28 U.S.C. § 636(b)(1)(C).

## II. STANDARD OF REVIEW

In cases where a Magistrate Judge has submitted a Report and Recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the Report and Recommendation to which the party objects. 28 U.S.C. § 636(b)(1). However, parties are required to make specific objections. "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988)(quoted by Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). Thus, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509.

## III. ANALYSIS

In his motion for summary judgment, Plaintiff asserts that he is entitled to summary judgment because Defendant had twenty days from the date of service of the summons and complaint to file an answer and defenses to the allegations. He contends that because Magistrate Judge R. Steven Whalen issued an order directing the United States Marshal to serve Defendant on September 29, 2006, and Defendant had neither filed an appearance nor answered the complaint, the Court should deem Defendant's failure as an admission to his allegations. Further, Plaintiff asserts that he has demonstrated that Defendant is not entitled to qualified or

2

judicial immunity, and that he has shown there is no genuine issue of material fact as that Defendant has violated his Constitutional rights.

In the R&R, Magistrate Judge Komives recommends that Plaintiff's motion for summary judgment be denied because: 1) Defendant's answer to the complaint was timely and has filed an appearance; 2) summary judgment is inappropriate at this stage of the litigation when Defendant has responded to each of Plaintiff's substantive filings; 3) Defendant has not been dilatory in defending the case; 4) in the absence of sanctionable conduct, the Court should permit the parties to examine the merits of the case; and 5) Plaintiff, as the party with the burden of persuasion, has not satisfied the summary judgment standard requiring him to produce sufficient evidence to establish all of the elements of his claims.

Plaintiff raises six objections to the Magistrate Judge's R&R. Although enumerated separately, five of the six objections relate to the finding that Defendant's answer was timely filed. In the other remaining objection, Plaintiff objects to the omission of facts in the State Court Proceedings section of the R&R. As the omission of those facts is immaterial to the R&R's recommendation, the Court will not address that objection. Moreover, the bulk of the remaining objections are general objections that do not include law or argument as to why the objected-to findings are erroneous. As these objections are merely general objections, they are deemed not objections at all. See Howard, 932 F.2d at 509. However, Plaintiff does raise a specific objection to the finding that Defendant's answer was timely filed under FED. R. CIV. P 4(d).

On September 29, 2006, a certificate of service, directing the United States Marshal Service to serve Defendant was filed with the Court. The Marshal Service sent a notice of

lawsuit to Defendant, which included a request for waiver of service of summons. That request stated that "[t]he cost of service will be avoided if we receive a signed copy of the waiver within 35 days after the date designated below as the date on which this Notice and Request is sent." Doc. #9. Thirty-five days after September 29 was November 3, 2006 - three days before defense counsel signed the waiver. Defendant filed both an answer to the complaint and an appearance on November 8, 2006. The waiver of service was not received by the Court until November 13, 2006. Even including three days for mailing under FED. R. CIV. P. 6, the waiver of service was received seven days late. Therefore, no timely waiver of service was filed. However, despite the fact that Defendant's waiver of service was untimely, her answer still cannot be considered late.

> Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer
> (A) within 20 days after being served with the summons and complaint, or
> (B) if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent, or within 90 days after that date if the defendant was addressed outside any judicial district of the United States.

FED. R. CIV. P. 12(1). Although a copy of the complaint was attached to the Notice of Lawsuit and Request for Waiver of Service, it explicitly disavowed that the Notice was a formal summons or notification from the court. Doc. #9. Therefore, because Defendant had not been formally served with a summons and complaint,[1] the time for Defendant to file an answer to

---

[1] Rule 4(c)(1) provides: "A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint." Moreover, Rule 4(l) requires the "If service is not waived, the person effecting service shall make proof thereof to the court." Plaintiff has not submitted such proof.

4

Plaintiff's complaint never started to toll under Rule 12, and her answer cannot be considered untimely.

Given the fact that Defendant's waiver of service was untimely, and that Plaintiff did not otherwise properly serve Defendant, the Court ordinarily would have to either dismiss Plaintiff's suit or order service be effected within a certain time. FED. R. CIV. P. 4(m). However, Defendant consented to the jurisdiction of this Court by filing an answer to Plaintiff's complaint, thereby waiving any objection to defective service of process.

As a result, because Defendant has filed an answer to Plaintiff's complaint, in which affirmative defenses were raised and Plaintiff's factual allegations were generally denied, there is a material question of fact whether Plaintiff is entitled to summary judgment on his claims.

## IV. CONCLUSION

Accordingly, **IT IS SO ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: July 17th, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK