**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HENDRICK YARBROUGH,

       Plaintiff,

                                                    Case No. 06-14021

v.                                        HON. MARIANNE O. BATTANI

CATHY M. GARRETT,

       Defendant.

_____/

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Objections, (Doc. 41), to the Magistrate Judge's Report and Recommendation (R&R), (Doc. 40), and Defendant's Response to Plaintiff's Objections, (Doc. 42). In the R&R, the Magistrate Judge recommended denying Plaintiff's motion for summary judgment, (Doc. 31), and granting Defendant's motion for summary judgment, (Doc. 26). Plaintiff objects to the Magistrate Judge's consideration of whether the Defendant is entitled to quasi-judicial immunity and conclusion that the Defendant is entitled to quasi-judicial immunity.[1] For the reasons discussed below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

---

[1] Plaintiff also objects to the Magistrate Judge's reference to unpublished decisions in the R&R. The Court finds that the Magistrate Judge's reference to unpublished decisions was not improper.

I.      INTRODUCTION

On September 12, 2006, Plaintiff Hendrick Yarbrough, a state prisoner, filed a civil rights complaint against Defendant Cathy Garrett, Wayne County Clerk, alleging that Defendant denied his right of access to the courts under the First Amendment and his right to a copy of his transcripts, which he needs to appeal his criminal conviction, under the Fourteenth Amendment.  Defendant filed a January 21, 2008, motion for summary judgment arguing that Plaintiff (1) had received a copy of his criminal proceeding; (2) failed to show good cause for seeking free copies of the transcripts; and (3) has not been eligible to appeal his conviction since 1977.   On February 21, 2008, Plaintiff filed a combined motion for summary judgment and response to Defense's motion for summary judgment contesting the assertions in Defendant's motion and arguing that the Court should grant summary judgment in his favor.

Subsequently, on April 22, 2008, Defendant filed a response to Plaintiff's motion for summary judgment.  Defendant's response argued that, among other things, she is entitled to quasi-judicial immunity.  On May 7, 2008, Plaintiff filed a reply to Defendant's response to his motion for summary judgment contending that, among other things, Defendant was not entitled to quasi-judicial immunity.  Subsequently, the Magistrate Judge issued a report recommending that this Court find that Defendant was entitled to quasi-judicial immunity.  Therefore, the report recommended denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment.

## II. STANDARD OF REVIEW

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

## III. ANALYSIS

Plaintiff objects that the Magistrate Judge should not have considered whether Defendant is entitled to quasi-judicial immunity because Defendant did not raise this affirmative defense in its first responsive pleadings or in its motion for summary judgment. In addition, Plaintiff objects that Defendant is not entitled to quasi-judicial immunity because she was acting in a ministerial capacity.

The magistrate judge did not err by considering whether Defendant is entitled to quasi-judicial immunity despite Defendant's failure to discuss her entitlement to such immunity in her motion for summary judgment. A district court may grant summary judgment on grounds not urged by the moving party so long as the nonmoving party has adequate notice and is not prejudiced. See Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989). In this case, Plaintiff had notice that the

3

Magistrate Judge would consider whether Defendant was entitled to quasi-judicial immunity.  In particular, Defendant's answer asserted that Plaintiff's claims were barred by immunity, and Defendant's response to Plaintiff's motion for summary judgment asserted that Defendant was entitled to quasi-judicial immunity.  In addition, Plaintiff had an opportunity to respond to this issue because Plaintiff argued that Defendant was not entitled to quasi-judicial immunity in his reply to Defendant's response to his motion for summary judgment.  Therefore, Plaintiff was not prejudiced by the court's consideration of whether Defendant was entitled to quasi-judicial immunity because Plaintiff had notice and an opportunity to respond to the issue.  Accordingly, the Magistrate Judge properly considered whether Defendant is entitled to quasi-judicial immunity.  See id.

In addition, the Magistrate Judge's finding that Defendant is entitled to quasi-judicial immunity was not erroneous.  "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions.  It is equally clear that judges and other court officers are not absolutely immune from suits based on performance of non-judicial functions." Foster v. Walsh, 864 F.2d 416, 417 (6th Cir. 1988).  "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994).  Accordingly, "[w]hether an act is judicial in character does not depend on whether it is discretionary.  The appropriate inquiry is whether the function in question is a truly judicial act or an act that simply happens to have been done by judges." Id. (quotations and alterations omitted).  This Court finds that mailing transcripts to indigent prisoners so that they can appeal their convictions is

"a truly judicial act." Id. Thus, Defendant is entitled to quasi-judicial immunity. See Foster, 864 F.2d at 417.

The Court notes that this finding is supported by the Sixth Circuit's determination that a prisoner's complaint seeking monetary damages from two court clerks whom the prisoner alleged had failed to provide him with requested copies of previous filings and transcripts was properly dismissed on the basis of quasi-judicial immunity. Lyle v. Jackson, 49 Fed. Appx. 492, 494 (6th Cir. 2002). In addition, a decision in another case against this Defendant recently found that this Defendant's act of allegedly failing to provide requested transcripts was covered by quasi-judicial immunity. See Walthall v. Garrett, No. 07-13117, 2008 WL 440648 (E.D. Mich. 2008).

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R. As such, Plaintiff's motion for summary judgment is **DENIED**, and Defendant's motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: **September 29, 2008**

**CERTIFICATE OF SERVICE**

 Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt  
DEPUTY CLERK